**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION**

CSX Transportation, Inc.,                        Case No. 3:16CV2242

        Plaintiff

     v.                                        **ORDER**

David H. Williams, Director,
 City of Defiance, Ohio, Law Department,

        Defendant

This is a railroad case.

Ohio law forbids any railroad company to "obstruct . . . a public street, road, or highway, by permitting a railroad car, locomotive, or other obstruction to remain upon or across it for longer than five minutes." O.R.C. § 5589.21(A). The penalty for each violation, which state law classifies as a first-degree misdemeanor, is $1,000. O.R.C. § 5589.99.

The plaintiff, CSX Transportation, Inc., faces at least $35,000 in fines for violating § 5589.21(A) in Defiance County, Ohio. The Sheriff of Defiance County has cited CSX for violating the blocked-crossing law, and the City of Defiance, through its law director, *pro se* defendant David Williams, is responsible for prosecuting those citations in Defiance Municipal Court.

Hoping to halt that process, CSX brought this suit alleging that two provisions of federal law – the Interstate Commerce Commission Termination Act, 49 U.S.C. § 10101, *et seq.* (ICCTA), and the Federal Railroad Safety Act, 49 U.S.C. § 20101, *et seq.* – preempt the blocked-crossing law. The

railroad also contends that the statute violates the Commerce Clause, U.S. Const., Art. I, § 8.[1] CSX seeks a declaratory judgment that federal law preempts § 5589.21 and a permanent injunction barring the City Law Director from enforcing that law against the company.

Jurisdiction is proper under 28 U.S.C. § 1331. *See Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 96 n.14 (1983).

Pending is CSX's motion for judgment on the pleadings under Fed. R. Civ. P. 12(c). (Doc. 13). For the following reasons, I grant the motion.

**Background**

CSX is a "federally regulated carrier" that "conducts railroad operations and maintains track in the State of Ohio, including Defiance County[.]" (Doc. 7 at ¶5).

The railroad provides "switching services" to General Motors's Casting Operations plant near State Route 281 and Hire Road in Defiance, Ohio. (*Id.* at ¶6). "In order to provide service to GM, the railroad grade crossing located at Hire Road is necessarily blocked while CSX provides switching services at the GM switching yard." (*Id.* at ¶8).

It is these operations that ran afoul of O.R.C. § 5589.21(A), which, as already noted, puts a five-minute cap on the amount of time that a railroad car may block a public street.

After the Defiance County Sheriff cited CSX for blocking the crossing, the City of Defiance prosecuted the company in municipal court. CSX paid $2,000 in fines to resolve citations that the Sheriff issued in 2015. (Doc. 12 at ¶5). According to Williams, moreover, if CSX were "convicted of all citations presently pending before the Defiance Municipal Court, the aggregate amount of fines

---

[1] CSX notified the Ohio Attorney General of its constitutional challenge to § 5589.21, as Civil Rule 5.1(a)(1)(B) required, but the Attorney General Declined to intervene. (Docs. 8, 11).

2

to be imposed in accordance with mandatory sentencing provisions of . . . § 5589.21 [would] exceed[ ] $35,000." (*Id.*). Those prosecutions are on hold, however, after the parties requested a stay from the municipal court and I entered an agreed preliminary injunction enjoining the City Law Director from prosecuting CSX for violating the blocked-crossing statute. (Doc. 6).[2]

## Standard of Review

"For purposes of a motion for judgment on the pleadings, all well-pleaded material allegations of the pleadings of the opposing party must be take as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment." *JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 581 (6th Cir. 2007).

## Discussion

### A. Preemption

By virtue of the Supremacy Clause, "Congress can define explicitly the extent to which its enactments pre-empt state law. Pre-emption is fundamentally a question of congressional intent, and when Congress has made its intent known through explicit statutory language, the courts' task is an easy one." *English v. Gen. Elec. Co.*, 496 U.S. 72, 78–79 (1990).

The ICCTA contains an express preemption provision that vests the Surface Transportation Board with exclusive jurisdiction over transportation by rail carriers:

> The jurisdiction of the Board over –
> 
> (1)     transportation by rail carriers, and the remedies provided in this part with respect to rates, classifications, rules (including

---

[2] During the pendency of this case, the Sheriff has issued at least fifty-five additional blocked-crossing citations to CSX. (Doc. 14 at 6). In response, the Defiance Municipal Court has "extended the stay of proceedings to each new case." (*Id.*).

3

> > car service, interchange, and other operating rules), practices, routes, services, and facilities of such carriers; and
>
> > (2) the construction, acquisition, operation, abandonment, or discontinuance of spur, industrial, team, switching, or side tracks, or facilities, even if the tracks are located, or intended to be located, entirely in one State, is exclusive. Except as otherwise provided in this part, the remedies provided under this part with respect to regulation of rail transportation are exclusive and preempt the remedies provided under Federal or State law.

49 U.S.C. § 10501.

The statute defines "transportation," in turn, as:

> (A) a locomotive, car, vehicle, vessel, warehouse, wharf, pier, dock, yard, property, facility, instrumentality, or equipment of any kind related to the movement of passengers or property, or both, by rail, regardless of ownership or an agreement concerning use; and
>
> (B) services related to that movement, including receipt, delivery, elevation, transfer in transit, refrigeration, icing, ventilation, storage, handling, and interchange of passengers and property.

49 U.S.C. § 10102(9).

"This broad, sweeping language shows Congress's intent to preempt any state effort to regulate rail transportation." *Girard v. Youngstown Belt Ry. Co.*, 134 Ohio St. 3d 79, 85 (2012). Indeed, it expressly or categorically preempts any state or local laws that "have the effect of managing or governing" rail transportation. *Tex. Cent. Bus Lines Corp. v. City of Midlothian*, 669 F.3d 525, 532 (5th Cir. 2012).

I find that the ICCTA categorically preempts § 5589.21 because it purports to regulate rail transportation by dictating how railroads conduct their operations at crossings.

4

As CSX points out, the law on its face applies to "trains engaged in switching, loading, or unloading operations." O.R.C. § 5589. 21(C). But this kind of regulation falls within the Surface Transportation Board's exclusive jurisdiction. *Ayling v. BNSF Ry. Co.*, 2014 WL 12605590, *4 (D.N.D.) ("The ICCTA gives the Surface Transportation Board exclusive jurisdiction over the operation of switching, and therefore it preempts any attempt to regulate switching activities."); *see also Rushing v. Kansas City S. Ry. Co.*, 194 F. Supp. 2d 493, 499 (S.D. Miss. 2001) ("to the extent that these laws could provide local authorities with the power to regulate the periods of time in which a railroad company was permitted to operate its switching activities, and the manner in which those activities could otherwise be conducted, the state laws would impose an impermissible economic regulation on the railroad industry").

Because § 5589.21 purports to regulate rail transportation – namely, by limiting the amount of time a train can block a crossing – the ICCTA categorically preempts that law. *Burlington N. & Santa Fe Ry. Co. v. Dep't of Transp.*, 206 P.3d 261, 264 (Ore. App. 2009) (ICCTA categorically preempted Oregon regulation forbidding trains to block crossings for more than ten minutes); *see also CSX Transp., Inc. v. City of Plymouth*, 93 F. Supp. 2d 643, 663 (E.D. Mich. 2000) ("Under the law, any limitation on the amount of time a train can block a crossing must come from the federal government.").[3]

I will therefore issue a declaratory judgment that federal law preempts Ohio's blocked-crossing law.

---

[3] Given my determination that the ICCTA preempts § 5589.21, I need not decide whether the FSRA also preempts the statute or whether the statute violates the Commerce Clause.

5

## B. Absence of a Necessary Party

Defendant Williams has not opposed CSX's arguments that federal law preempts § 5589.21. (In fact, his opposition brief recounts his longstanding view, and the advice he has long tendered to municipal officials, that federal law indeed preempts the blocked-crossing law.).

But Williams argues that I cannot issue an injunction because: 1) he has no interest in the subject matter or this suit and no authority to defend the constitutionality of § 5589.21, such authority belonging exclusively to the Ohio Attorney General and the Prosecuting Attorneys of Ohio's eighty-eight counties; and 2) the Sheriff of Defiance County is a necessary party, such that CSX cannot obtain complete relief unless I join the Sheriff as a defendant.

The first argument misconceives the nature of Williams's appearance in the present case.

Williams appears here, not to defend the constitutionality of § 5589.21 on behalf of the State of Ohio, but as a defendant whom Ohio law obligates to enforce an invalid (because preempted) law. *See* O.R.C. § 1901.34(A) ("the . . . city director of law . . . of the municipal corporation in which a municipal court is located shall prosecute all criminal cases brought before the court arising in the unincorporated area within the territory of the municipal court").

Having such enforcement power, Williams could have, had he wished to do so, raised whatever argument he deemed proper to show that the law is constitutional and thus enforceable by him – just as any litigant could argue that a given state law is constitutional, if his or her case depended on that law being constitutional. That Williams may lack authority to make those arguments on behalf of the State of Ohio is therefore irrelevant, as that is not Williams's role as the defendant in this case.

The second argument is no more persuasive.

By this suit, CSX seeks to halt the City of Defiance from prosecuting it and, more importantly, collecting the $1,000 fine that accrues with each violation. A permanent injunction barring the City's Law Director from prosecuting CSX for a violation of § 5589.21 will have precisely that effect.

Williams responds that such an injunction would not stop the Sheriff from citing CSX for violating the blocked-crossing law, nor would it prevent the Prosecuting Attorney of Defiance County, who also has authority to bring a criminal case against CSX, *see* O.R.C. §309.08(A), from prosecuting the company.

That is true enough, but it remains the case that the injunction CSX seeks will afford it complete relief: a permanent bar on the City of Defiance's Law Director from enforcing the statute against CSX. The possibility that another entity might prosecute whatever citations the Sheriff issues does not mean that the Sheriff is a necessary party under Fed. R. Civ. P. 19(a)(1)(A).

**Conclusion**

It is, therefore,

ORDERED THAT:

1. The plaintiff's motion for judgment on the pleadings (Doc. 13) be, and the same hereby is, granted;

2. Ohio's blocked-crossing statute, O.R.C. § 5589.21 is preempted by the Interstate Commerce Commission Termination Act of 1995, 49 U.S.C. § 10101, *et seq.*; and

3. The Law Director of the City of Defiance, Ohio, be, and the same hereby is, permanently enjoined from prosecuting CSX Transportation, Inc., for violations of O.R.C. § 5589.21.

So ordered.

/s/ James G. Carr
Sr. U.S. District Judge